UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY D. BRITT II,

                    Plaintiff,             ORDER
                                                     26-CV-423 (NRM) (CHK)
   -against-

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF
TRANSPORTATION,

                    Defendants.
------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

      Plaintiff Jeffrey D. Britt, II filed this *pro se* complaint on January 22, 2026. ECF No. 1. He did not submit the filing fees and instead applied to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons discussed below, Plaintiff's application is denied.

      Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an administrative fee of $55, for a total of $405. Under 28 U.S.C. § 1915, the Court may waive the filing fees upon finding a plaintiff indigent. The IFP statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). The statute is designed to ensure that indigent people have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). The Supreme

1

Court has held that a litigant makes a "sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. at 339 (internal quotation marks omitted).

A court "shall dismiss" a case that has been filed IFP if the court determines that the litigant's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district often apply that provision when a litigant's statement of income and assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Bey v. Queens Cty., Supreme Cts.*, No. 19-CV-2038 (WFK), 2019 WL 11690197 (E.D.N.Y. May 1, 2019) (dismissing the action without prejudice where plaintiffs failed to pay the filing fee or submit an adequate IFP application); *Chowdhury v. Sadovnik*, No. 17-CV-2613 (PKC), 2017 WL 4083157 (E.D.N.Y. Sept. 14, 2017) (directing plaintiff to pay the filing fee or file an amended IFP application).

Plaintiff's IFP application does not allege indigency that would entitle Plaintiff to proceed without the prepayment of fees. In his request to proceed IFP, Plaintiff indicates that he is employed by the New York City Department of Transportation and earns $5,200 per month. ECF No. 2 at 1. He provides an address in Brooklyn that is his "primary residence" at which he pays no rent or mortgage. *Id.* at 2. He claims no other assets, no dependents, and no other financial liabilities. *Id.* He states "N/A" when asked to list the persons to whom he pays money to support and the amount he pays, but later states that his income is at least partially used to support

"his elderly disabled mother." *Id.* He asks the Court to consider that paying the Court's filing fee would "cause financial hardship and impair my ability to meet essential expenses." *Id.* However, he does not list the nature or amount of any of these expenses, which prevents the Court from determining how much of his monthly take-home pay is devoted to these essential items and whether he can afford to pay the filing fee or not.

For these reasons, based on what Plaintiff has submitted to date, the Court cannot find that requiring him to pay the filing fee would deprive him of "the necessities of life." *Adkins* 335 U.S. at 339. Therefore, Plaintiff's application to proceed IFP is DENIED.

If Plaintiff wishes to proceed with this action, Plaintiff must, within 14 days of the date of this Order, pay the requisite filing fee to the Clerk of Court of the United States District Court for the Eastern District of New York. If Plaintiff fails to submit the filing fee within the time allowed, or to present credible evidence of indigency, the action shall be dismissed without prejudice. If Plaintiff pays the filing fee, the Clerk of Court shall prepare a summons, and Plaintiff must have the summons and complaint served on the Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff must also file with the Court the Notice of Right to Sue issued by the Equal Employment Opportunity Commission referenced in his Complaint, dated December 16, 2025. ECF No. 1 at 2.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:   February 2, 2026
         Brooklyn, New York